1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MAURICE A. JACKSON,

        Plaintiff,

    v.

WOODFORD, et. al.,

        Defendants.

_____/

CV F   04 5911 AWI SMS P

ORDER DISMISSING COMPLAINT WITH
LEAVE TO AMEND (Doc. 1)

ORDER DIRECTING CLERK OF COURT TO
SEND PLAINTIFF BLANK CIVIL RIGHTS
FORM

   Maurice A. Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   Plaintiff filed the instant action on June 29, 2004, alleging a violation of his constitutional rights for inadequate medical care. Plaintiff names Jeanne Woodford, Director of the California Department of Corrections, Warden A.K. Scribner, Chief Medical Officer John D. Klarich, Thanit Hasadsri, Chief Physician/Surgeon and Andrew D. Lucine as Defendants. Plaintiff is seeking monetary damages.

## A. SCREENING REQUIREMENT

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

7  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

8  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

9  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

10  complaint under this standard, the court must accept as true the allegations of the complaint in

11  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

12  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

13  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14  **B.  SUMMARY OF COMPLAINT**

15       Plaintiff alleges that while he was housed at California State Prison, Corcoran, he

16  suffered from a debilitating medical condition which resulted from Defendants not providing him

17  adequate medical care and treatment.  Plaintiff states that after several requests for medical

18  attention, he filed an Inmate appeal on August 26, 2002, complaining that medical staff at Salinas

19  Valley State Prison and Corcoran failed to provide him adequate care or treatment and that they

20  were negligent in diagnosing his medical condition.  Specifically, Plaintiff states that he

21  complained that he was losing weight, had muscle spasms, double vision and nausea that had

22  been occurring for over two years.  IN February of 2000, Plaintiff saw an Optometrist that

23  indicated Plaintiff might be having a thyroid problem and should get a second opinion.  In

24  August of 2000, Plaintiff submitted blood samples for testing.  The samples showed high levels

25  of "glucose serum," "SGPT serum," "ALK Phosphatase," and "GGT Serum."   In addition,

26  Plaintiff's blood showed high levels of Monocytes.  Plaintiff continued to seek medical attention

27  and continued to lose weight.

28       On or about October 2001, Plaintiff became very ill.  Plaintiff was seen by staff and sent

1   back to his cell with Motrin, Capazre and a three day lay-in.  In 2002 Plaintiff had the same

2   symptoms and was seen by Dr. Dang.  Dr. Dang identified a large goiter in Plaintiff's neck in

3   addition to wide-eyed appearance and profuse shaking.  Dr. Dang ordered more blood work and a

4   urinalysis which showed the same results as the previous tests.   Plaintiff was then diagnosed

5   with Graves disease from his hyper thyroid gland.  Plaintiff took the prescribed medication and

6   began to feel nervous, fearful, indecisive, fatigue and mood swings.   Plaintiff was then

7   prescribed with another medication which made him feel worse.  Plaintiff began to have hair

8   loss, erratic behavior, bug eyes, and angry outbursts and mood swings.  Plaintiff was scheduled

9   for an appointment with an endocrinologist in April of 2002, however, he did not make the

10  appointment because transportation officers said they never received the paper work.   Plaintiff

11  was later scheduled to see another doctor at 12:30 on an unidentified date, however, the

12  transportation officers breaks made Plaintiff late to the appointment.  Transportation officers then

13  returned Plaintiff to the prison before Plaintiff had a consult with the doctor.

14      Plaintiff states as a result of his condition, he had two violent incident with other

15  prisoners.  Plaintiff states that even after 5 months of initiating his 602 he did not receive

16  adequate medical care for his condition and that to date, his care has been deficient.

17      Plaintiff states his appeal was partially granted on October 16, 2002 but was told he

18  would not receive monetary funds for lack of authorization.

19      Plaintiff states that his informal appeal filed on August 26, 2002, had not received a log

20  number so he inquired into that.  He was informed that his appeal was bypassed to the second

21  level wherein Defendant Scribner signed the second level response and either Defendant Klarich

22  or Hasadsri signed on March 20 or March 24 of 2003, and partially granted the appeal at the

23  second level. Plaintiff states that they failed to enclose a statement in the response, however.

24      On May 1, 2003, he submitted his appeal to the Director's level indicating that he was

25  dissatisfied.  At this time, N. Grannis signed on behalf of Jeanne Woodford and P. Enriquez,

26  Facility Captain and denied his appeal.  Plaintiff next filed a board of Control claim.

27      Plaintiff contends that each of the named Defendants were deliberately indifferent to his

28  medical needs and allowed him to suffer.

**C. ANALYSIS**

   *1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

   *2. Eighth Amendment - Medical Care*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of

4

1   and disregards an excessive risk to inmate health or safety." Id.

2   　　In applying this standard, the Ninth Circuit has held that before it can be said that a

3   prisoner's civil rights have been abridged, "the indifference to his medical needs must be

4   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

5   cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

6   Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

7   treating a medical condition does not state a valid claim of medical mistreatment under the

8   Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

9   because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

10  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

11  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

12  (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

13  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

14  1990).

15  　　In this case, although Plaintiff alleges that the named Defendants were deliberately

16  indifferent, he provides no facts demonstrating that the named Defendants knew of and

17  disregarded a serious risk to his health.  Plaintiff alleges numerous times in his recitation of the

18  facts that he received inadequate care, however, he provides no specific facts as to what care was

19  not provide or how the care was inadequate.  Plaintiff's allegations are purely conclusory and do

20  not state a claim for relief.  In addition, Plaintiff fails to link any of the above named Defendants

21  to an act or omission giving rise to a constitutional violation.   From the facts provided, it appears

22  that the Defendants were merely individuals who signed their names to Plaintiff's medical

23  appeals.  However, the mere fact that the Defendants reviewed his inmate appeal is insufficient to

24  state a claim for relief.  Plaintiff indicates in his Complaint that the appeals were denied because

25  the records showed that he had received the medical care he asked for.

26  　　To the extent Plaintiff is merely dissatisfied with the care given, "[a] difference of

27  opinion between a prisoner-patient and prison medical authorities regarding treatment does not

28  give rise to a s 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal

citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff has not sufficiently alleged that any of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." <u>Farmer v. Brennan</u>, 511 U.S. at 837.  Accordingly, the Complaint fails to state a claim for relief.

*3.  Supervisory Liability*

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  <u>See</u> <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u> at 646.   Accordingly, the Complaint fails to state a claim on this ground as well.

*4.  Capacity*

6

1  The Court notes that Plaintiff is suing the named individuals in their official *and*

2  individual capacities.  The Eleventh Amendment bars damages actions against state officials in

3  their official capacity.  See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir.

4  1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469,

5  472 (9th Cir. 1992).  For this reason, plaintiff may not pursue damages claims against the

6  defendants in their official capacities.

7  *5. Negligence - State Law Claim*

8  Plaintiff is informed that violation of state law, such as negligence and medical

9  malpractice, is not sufficient to state a claim for relief under § 1983.  To state a claim under §

10  1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis,

11  424 U.S. 693 (1976).  Although the court may exercise supplemental jurisdiction over state law

12  claims, plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C.

13  § 1367.  As there is no cognizable claim for relief under Section 1983 as alleged in the

14  Complaint, the Court will not examine or consider Plaintiff's negligence claim.

15  **D. CONCLUSION**

16  The Court finds that Plaintiff's complaint does not contain any claims upon which relief

17  can be granted under § 1983 against any of the defendants.  The Court will provide Plaintiff with

18  time to file a first Amended Complaint curing the deficiencies identified above should he wish to

19  do so.

20  Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

21  resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir.

22  1980).  The Amended Complaint must specifically state how each defendant is involved.

23  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

24  connection between a defendant's actions and the claimed deprivation.  Rizzo v.  Goode, 423,

25  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588

26  F.2d 740, 743 (9th Cir.  1978).

27  Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

28  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

Complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.

1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

claim and the involvement of each defendant must be sufficiently alleged.  The Amended

Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

complaint form;

2.      The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY

(30) days from the date of service of this order, Plaintiff SHALL:

a.      File an Amended Complaint curing the deficiencies identified by the Court

in this Order, or

b.      Notify the Court in writing that he does not wish to file an Amended

Complaint and pursue the action but instead wishes to voluntary dismiss

the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a

Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   November 15, 2005**             **/s/ Sandra M. Snyder**
icido3                                                   UNITED STATES MAGISTRATE JUDGE